CHUN KERR LLP
A Limited Liability Law Partnership

NATHANIEL A. HIGA      #9064-1
KATIE L. SMITH          #11345-0
First Hawaiian Center
999 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 528-8200
Email: nhiga@chunkerr.com
       ksmith@chunkerr.com

Attorneys for Defendant
HAWAIIAN SPRINGS, LLC,
a Delaware limited liability company,
dba HAWAIIAN SPRINGS WATER

Electronically Filed
THIRD CIRCUIT
3CCV-23-0000410
05-FEB-2024
12:52 PM
Dkt. 22 NTCE

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HAWAII BREWERY DEVELOPMENT CO., INC., a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN SPRINGS, LLC, a Delaware limited liability company, dba HAWAIIAN SPRINGS WATER; and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO. 3CCV-23-0000410<br><br>**NOTICE OF ORDER APPOINTING RECEIVER; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br><br><br>Trial: Not Set |

## NOTICE OF ORDER APPOINTING RECEIVER

Defendant HAWAIIAN SPRINGS, LLC, a Delaware limited liability company, dba HAWAIIAN SPRINGS WATER ("**Hawaiian Springs**") by and through its attorneys of record, hereby gives notice to the Court that Strongbow Advisors, Inc. and Robert L. Stevens has

{00657110.1}

**EXHIBIT 4**

been appointed as Receiver over Hawaiian Springs pursuant to the Order Appointing Receiver filed February 1, 2024 ("**Order**"), a copy of which is attached as Exhibit "A".

The aforementioned Order states that "all actions against the Companies [Hawaiian Springs] shall be STAYED." Order at 2.

DATED: Honolulu, Hawaii, February 5, 2024.

/s/ Nathaniel A. Higa
NATHANIEL A. HIGA
KATIE L. SMITH

Attorneys for Defendant
HAWAIIAN SPRINGS, LLC,
a Delaware limited liability company,
dba HAWAIIAN SPRINGS WATER

**EXHIBIT 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Nina Y. Wang**

Civil Action No. 24-cv-00149-NYW-STV

LEONITE FUND I, LP,

    Plaintiff,

v.

HAWAIIAN SPRINGS, LLC, and
HSW HOLDINGS CORPORATION,

    Defendants.

---

## ORDER APPOINTING RECEIVER

This matter comes before the Court on Plaintiff's Motion to Appoint Receiver. [Doc. 3]. Upon review, the Motion is **GRANTED**. The Court hereby finds as follows:

1. Defendants Hawaiian Springs, LLC ("HSLLC") and HSW Holdings Corporation ("HSW" and, collectively with HSLLC, the "Companies") are in danger of waste, eviction, loss, and further litigation,

2. F.R.C.P. 66 authorizes this Court to appoint a receiver.

3. The Parties have agreed to the appointment of a receiver.

4. The Parties have agreed to be bound by Colorado law.

5. Colorado law authorizes the appointment of a receiver in these circumstances.

*Exhibit A - Page 1 of 7*

**EXHIBIT 4**

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Strongbow Advisors, Inc. and Robert L. Stevens ("Mr. Stevens"), individually, is appointed as Receiver over the Companies.

**IT IS FURTHER ORDERED** that all actions against the Companies shall be **STAYED**; and it is further

**ORDERED** that, pursuant to F.R.C.P. 66, Strongbow Advisors, Inc., through the appointed Receiver, Robert L. Stevens, is granted the authority to conduct the business of the Companies; and to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the Companies, with power to prosecute and defend, in the name of the Companies, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the Companies, if in being, that may be necessary for the final settlement of the unfinished business of the Companies.

The powers of the Receiver shall be continued as long as this Court shall deem necessary for the purposes aforesaid

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1. Robert L. Stevens is appointed receiver for HSLLC and HSW, their operations, assets, and liabilities.

2. Mr. Stevens shall post a bond in the amount of $1,000.00 and file his Oath of Receiver on or before **February 15, 2024.**

3. Mr. Stevens is hereby given the specific power to:

Case No. 1:24-cv-00149-NYW-STV   Document 30-4   filed 05/01/24   USDC Colorado
pg 5 of 11
Case No. 1:24-cv-00149-NYW-STV   Document 18-1   filed 02/01/24   USDC Colorado   pg 3 of 7

a.  Take immediate control, to the exclusion of all others, over the Companies and all of their assets, their subsidiaries, current and historical, including, without limitation, all of the Companies' cash, bank and deposit accounts; accounts receivable, notes receivable, and other receivables; business investments and interest, whether legal or equitable, direct or indirect, in other business enterprises; tangible personal property; general intangibles; inventory; investment property; payment intangibles; real property; water rights; claims, causes of action, and choses of action of any kind or nature; instruments, documents, chattel paper, intellectual property, and letter-of-credit rights; and all the Companies' books and records and other papers including the Companies' shareholder books and records;

b.  Manage, maintain, protect and preserve the Receivership Property as reasonably necessary to maximize the value and prevent diminution of its value; take possession of all bank and other deposit accounts of the Companies and their subsidiaries and all funds therein; and open, transfer and change all bank and trade accounts relating to the Companies and the Receivership Property, so that all such accounts are in the name of Mr. Stevens as Receiver for HSLLC and HSW;

Case No. 1:24-cv-00149-NYW-STV   Document 30-4   filed 05/01/24   USDC Colorado
Case No. 1:24-cv-00149-NYW-STV   Document 18   filed 02/01/24   USDC Colorado   pg 4 of 7
pg 6 of 11

c.  Close the Companies' and their subsidiaries' bank accounts and transfer the funds to one or more bank accounts at a bank or banks, financial institutions, mutual funds, brokerage institutions or other commercial depositories in the Denver, Colorado metropolitan area selected by Mr. Stevens, in his name as Receiver for HSLLC and HSW;

d.  Collect rents and revenues, income, profits, and other benefits of the Companies and their subsidiaries for the Receivership Property;

e.  Collect all accounts, accounts receivable, notes receivable, income, profits and proceeds which are part of the Receivership Property or represent proceeds of the Receivership Property; including, as necessary, negotiate and deposit checks into accounts maintained by Mr. Stevens, and, as necessary, to collect and review mail directed to the Companies and their subsidiaries in order to collect incoming accounts receivable;

f.  Investigate the assets, liabilities and financial situation of the Companies and their subsidiaries, and report to this Court, within ninety (90) days after entry of this Order, regarding the nature of the assets, liabilities and financial situation of the Receivership Property;

g.  Pay or negotiate expenses, bills, taxes, insurance, and other legal obligations of the Companies;

h.  Negotiate any new contracts and have all powers necessary to run the Companies;

i.  Appoint interim management to oversee the operations of the Companies and to remove any personnel, if required;

j.  Retain legal counsel and to commence, file and maintain legal proceedings to protect the Receivership Property or pursue claims against any individuals or entities that have created harm to the Companies and their subsidiaries and their creditors and shareholders;

k.  Retain persons to support his efforts, as necessary, to ensure the continued and proper operation of the Companies;

l.  Sell any corporate assets to satisfy judgments against the Companies;

m.  Order dividends, distributions or other such actions that may be required for dissolution or reorganization of the Companies;

n.  Do any and all acts necessary and convenient or incidental to the foregoing that the Receiver reasonably deems necessary to manage and preserve the Receivership Property;

o.  Restore any changes by Defendants, such as issuance or cancellation of stock, made during the course of this action prior to resolution; and

*Exhibit A - Page 5 of 7*

**EXHIBIT 4**

Case No. 1:24-cv-00149-NYW-STV   Document 30-4   filed 05/01/24   USDC Colorado
Case No. 1:24-cv-00149-NYW-STV   Document 18   filed 02/01/24   USDC Colorado   pg 6 of 7
pg 8 of 11

  p. Borrow money, issue receiver's certificates, incur debt, issue any class of stock, debenture or other financial instrument as required to finance the administration of the estate.

4. Upon notice of this Order, the Companies and all persons in active concert and participation with them, including, without limitation, their current and former officers and directors, managers, employees, members, agents, attorneys, accountants, banks and financial institutions of any kind, contractors, and all who claim under it, be, and the same hereby are, ordered to deliver immediately over to Mr. Stevens or his agents all Receivership Property, endorsed to Mr. Stevens where necessary, and continue to deliver immediately to Mr. Stevens any such property, historical or current, or received at any time in the future and, where necessary or requested, to explain to Mr. Stevens all books, files, and other records relating to the operation, maintenance and management of the Receivership Property including any and all current and historical emails, documents, or business related filings of any kind, and to permit Mr. Stevens the power to prosecute or defend any action to carry out his duties hereunder without interference. Any such person who fails to so act shall be subject to a contempt citation by the Court.

5. Mr. Stevens shall account to the Court for all sums received and expenditures made.

*Exhibit A - Page 6 of 7*

**EXHIBIT 4**

6.  Mr. Stevens shall be compensated at the hourly rate of $450.00 for his services hereunder and other professionals retained by the estate will be compensated on an hourly, weekly or project basis. Mr. Stevens' compensation for services under this Order and his reasonable out-of-pocket expenses shall be paid on a monthly or a practical basis. Mr. Stevens shall submit to any counsel for these proceeding itemized billing statements of his professional services and other expenses.

DATED: February 1, 2024

BY THE COURT:

*[signature]*

Nina Y. Wang
United States District Judge

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HAWAII BREWERY DEVELOPMENT CO., INC., a Hawaii corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>HAWAIIAN SPRINGS, LLC, a Delaware limited liability company, dba HAWAIIAN SPRINGS WATER; and DOE DEFENDANTS 1-10,<br><br>    Defendants. | CIVIL NO. 3CCV-23-0000410<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was or will be served upon the parties identified below, via the Judicial Electronic Filing System (JEFS), on February 5, 2024, as follows:

> HARVEY J. LUNG, ESQ.
> *(hlung@legalhawaii.com)*
> JAI W. KEEP-BARNES, ESQ.
> *(jkeep-barnes@legalhawaii.com)*
> 700 Bishop Street, Suite 900
> Honolulu, Hawaii 96813
>
> Attorneys for Plaintiff
> HAWAII BREWERY DEVELOPMENT
> CO., INC.

DATED: Honolulu, Hawaii, February 5, 2023.

> /s/ Nathaniel A. Higa
> Attorneys for Defendant
> HAWAIIAN SPRINGS, LLC,
> a Delaware limited liability company,
> dba HAWAIIAN SPRINGS WATER
> OAHU APARTMENTS, LLC

{00657110.1}

**EXHIBIT 4**

# NOTICE OF ELECTRONIC FILING

Electronically Filed
THIRD CIRCUIT
3CCV-23-0000410
05-FEB-2024
12:52 PM
Dkt. 23 NEF

An electronic filing was submitted in Case Number 3CCV-23-0000410. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 3CCV-23-0000410 |
| **Title:** | Hawaii Brewery Development Co., Inc. vs. Hawaiian Springs, LLC, a Delaware limited liability company, dba Hawaiian Springs Water and Doe Defendants |
| **Filing Date / Time:** | MONDAY, FEBRUARY 5, 2024 12:52:09 PM |
| **Filing Parties:** | Nathaniel Higa |
|  | Katie Smith |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | 22-Notice |
| **Supporting Document(s):** |  |
| **Document Name:** | 22-Notice of Order Appointing Receiver; Exhibit "A"; Certificate of Service |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

This notification is being electronically mailed to:
Katie Lauren Smith ( ksmith@chunkerr.com )
Nathaniel Atsushi Higa ( nhiga@chunkerr.com )
Jai W Keep-Barnes ( jkeep-barnes@legalhawaii.com )
Harvey J. Lung ( hlung@legalhawaii.com )

1 of 1

**EXHIBIT 4**