**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00149-NYW-STV

**LEONITE FUND I, LP,**

Plaintiff,

v.

**HAWAIIAN SPRINGS, LLC and HSW HOLDINGS CORPORATION,**

Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE OF PROPOSED INTERVENOR, HAWAII BREWERY DEVELOPMENT CO., INC., PURSUANT TO FRCP 24(A) AND (B)**

---

Plaintiff Leonite Fund I, LP, by and through its undersigned counsel, submits this Memorandum of Law in Opposition to Motion to Intervene of Proposed Intervenor Hawaii Brewery Development Co., Inc. ("HBDC").

In its Motion to Intervene (the "Motion"), HBDC contends that it should be allowed to intervene as a defendant in this action, whether as of right, under FRCP 24(a), or permissively, under FRCP 24(b).

Here, HBDC's real goal is to vacate the stay entered by this Court on February 1, 2024, so that it alone may recover the amounts allegedly owed to it by Defendants at the expense of all other creditors.

As a matter of law, HBDC is not entitled to intervene as a defendant in this matter.

**HBDC CANNOT SHOW THAT ITS INTERESTS ARE NOT ADEQUATELY REPRESENTED BY THE RECEIVER, A NECESSARY PREREQUISITE FOR BEING GRANTED INTERVENTION AS OF RIGHT**

As a matter of law, FRCP Rule 24(a)(2) requires a movant for intervention to satisfy four elements: "(1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019); see also *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

Furthermore the "[f]ailure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs. Ltd.*, 736 F. 2d 384, 386 (7th Cir. 1984).

Here the Proposed Intervenor cannot show that the Receiver cannot adequately protect its interests. To the contrary, the Receiver represents ***all*** of the parties interested in the litigation in which the Receiver is appointed, and holds the property in receivership for the benefit of all persons interested in it; the Proposed Intervenor and the Receiver share a common goal: to maximize the recovery to all creditors. Thus, because "the objective of the applicant for intervention is identical to that of one of the parties," Movant's representation by the Receiver is adequate. *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1124 (10th Cir. 2019); *see Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994) ("Where a prospective intervenor has the same goal as the party to a suit, there is a presumption that the representation in the suit is adequate.") [1]

Perhaps unwittingly, the Proposed-Intervenor admits as much in its moving papers when it acknowledges that "[t]he entire premise of this equitable case and associated appointment of the Receiver is presumably rehabilitation of the non-existent [*sic*] water bottling business . . . . [The] success of that business depends entirely on access to the Real Property." (Motion, Sec. II,A,2) Movant is correct: the rehabilitation of the Defendants' business, which will provide the opportunity to repay all creditors -- including Movant and Plaintiff alike -- requires that Defendants be allowed continued access to the Real Property. Despite Movant's repeated attempts to thwart Defendants' access to the Property, the Receiver has already been successful

[1] Ironically, since the Receiver's appointment, the Receiver has — utilizing funds provided by Plaintiff — made rent payments and PPA payments to the Proposed- Intervenor landlord, bringing such payments current. At the same time, none of the other creditors (including Plaintiff) have received any payments whatsoever.

in taking foundational steps towards rehabilitating the business. (See Receiver's Status Report No. 1, dated May 1, 2024 (DKT#30).)

Plaintiff submits that the entire goal of the Proposed-Intervenor is to effect a lift of the stay so as to enable it to terminate Defendants' lease and to take control of their water bottling business. This, of course, would almost certainly destroy any ability on the part of Plaintiffs and all other creditors to collect any portion of the significant sums owed to them by Defendants.

It is very telling that Movant asserts that "Leonite and Defendants were cognizant of the adverse impact that Defendants' eviction from the Real Property in Hawaii would have on Defendants' alleged water bottling business and, accordingly, Leonite's loan to defendants." (Motion, 5th page.) Why isn't ***Movant*** cognizant of the fact that such eviction would almost certainly render Defendants unable to pay their purportedly outstanding debt ***to Movant***? If Defendants are evicted their ability to operate a business will be destroyed and the prospect that creditors – all the creditors – will recover will become negligible. It is only because Proposed-Intervenor has a plan (or better, a scheme) to enrich itself by taking over the water bottling business -- to the detriment of all of the other creditors — that it is attempting to intervene here.

This helps explain why the Proposed-Intervenor does not provide any convincing explanation as to why its interests are not adequately represented by the Receiver and its counsel. Nor is it clear from Proposed-Intervenor's motion how its participation would contribute to a fair and efficient resolution of this lawsuit, a factor that also weighs against its permissive intervention.

As the Receiver has pointed out, the fact remains that "it is vital that the estate continue to pay the monthly rent and to bring current obligations under the power purchase agreement with the Landlord. The Business is valuable with the lease in place and the Receiver is committed to keeping the rent current with financing from Leonite." (Receiver's Status Report No. 1, p.4.) This is the only way that all creditors may be in a position to recover.

With respect to Movant's request for permissive intervention Under FRCP Rule 24(b), it too should be denied. It has made no showing as to why its intervention is necessary. As a matter of law, this Court has discretion under Rule 24(b) to grant or deny motions to intervene permissively. *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir. 1985) ("Permissive intervention is

wholly discretionary with the district court and will be reversed on appeal only for an abuse of discretion."); *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (same).

**MOVANT'S MOTION PAPERS**
**ARE MISLEADING,**
**REPLETE WITH INACCURACIES**
**OR INCORRECT WITH RESPECT TO THE LAW**

In an apparent attempt to cast Plaintiff as the villain of this story, in its Moving Papers, Proposed-Intervenor makes various untrue, misleading and/or unsupported claims. These include:

1. At the outset of its Motion, Movant claims that "the Receiver agrees with the relief requested in the Motion." (Motion, 1st page.) This is nothing but an attempt to mislead this Court. In point of fact, the Receiver informed Movants that, as the Receiver, he must remain neutral and could not take a position – whether to support or oppose the Motion. This is a far cry from Movant's claim that he purportedly "agrees" with them. Indeed, if anything, the Receiver agrees that a lift of the Stay would be highly detrimental to the Defendants' business. (See Receiver's Status Report No. 1, p.4) . Furthermore, it is evident from the Receiver's Status Report that the Proposed-Intervenor landlord attempted to remove Receiver from the property and has otherwise been uncooperative with Receiver's efforts here.

2. Movant asserts that it "expressly reserves all of its rights, remedies, claims, and defenses, including, but not limited to, all positions concerning this Court's lack of subject matter and personal jurisdiction." (Motion, 1st page n.1). Thus, the Proposed-Intervenor is trying to eat its cake and have it too. It wants to be part of this case but is, at the same time, trying to set the stage for escaping a decision that may be rendered by this Court that it is unhappy with. This is wrong: Proposed-Intervenor must take the bitter with the sweet by intervening fully or not at all. When an entity intervenes under Rule 24(a), "it becomes a full participant in the lawsuit and is treated just as if it were an original party. . . . It is said to assume the risk that its position will not prevail and that an order adverse to its interests will be entered." *Schneider v. Dumbarton Devs., Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985).

3. Movant cavalierly refers to Plaintiff's "unlawful lending scheme" (Motion, 2nd page) without an iota of explanation or support. Its attempt to cast unwarranted aspersions against Plaintiff should be seen for what it is.

4. Movant claims that the underlying loan by Plaintiff to Defendants improperly disregarded certain restrictions contained in the subject Real Property lease (the "Lease") by creating a security interest in the Lease (*see* Motion 2nd, 4th-5th pages). The Collateral underlying Plaintiff's loans to Defendants was defined to include virtually all assets of the borrowers — as is very standard, plaintiff took a blanket lien on these assets. There obviously was never any intention on the part of Plaintiff to impair its collateral by noncompliance with a lease provision. But even if Movant were correct, and there is some flaw with respect to Plaintiff's security interest in the lease, it is irrelevant to this case and to the appointment of a Receiver inasmuch as it would not change the fact that Plaintiff is a creditor of the Defendants.

5. Movant expends much effort in complaining about the process by which this Court appointed the Receiver (see Motion 2nd-3rd pages) but cannot point to a single legal impropriety on the part of Plaintiff; the fact is that Receiver's appointment was properly effected in and by this Court, and Movant's unwarranted attempt to cast aspersions on the process should be disregarded.

6. Movant questions the propriety of the chosen venue, as well as this Court's jurisdiction, in this matter. (Motion, 6th page.) Movant chooses to ignore the fact that Defendants sell products in Colorado and that the Receiver is a citizen of Colorado who resides in Colorado. Notably, the parties also agreed to be governed by the laws of the State of Colorado and to venue in state and federal courts located in Colorado. (*See* Exhibit E to the Complaint.)

## CONCLUSION

For the above reasons, the Proposed-Intervenor's motion to intervene, whether as of right or permissively, should be denied.

Respectfully submitted this 10th day of May, 2024.

*/s/ Aaron A. Garber*

Aaron A. Garber (Colo. Bar #36099)
Wadsworth Garber Warner Conrardy P.C.
2580 West Main Street
Suite 200
Littleton, CO 80120
Tel: 303-296-3905
Fax: 303-296-7600
Email: agarber@wgwc-law.com

And

Zvi Raskin, Esquire
1 Hillcrest Center Drive
Suite 230
Spring Valley, New York 10977
Telephone: 845.202.3999
E-Mail: zr@raskinlegal.com

Attorneys for Plaintiff, Leonite Fund I, LP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 10, 2024, I caused a true and correct copy of the foregoing to be filed and served via CM/ECF to counsel of record.

Tracy L. Ashmore
tashmore@rwolaw.com,hstahl@rwolaw.com

Aaron A. Garber
agarber@wgwc-law.com

Alan Stewart Thompson
athompson@lohfshaiman.com,aculligan@lohfshaiman.com

*/s/ Nichole Garber*
Nichole Garber, paralegal