**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:24-cv-00149-NYW-STV

LEONITE FUND I, LP,

Plaintiff,

v.

HAWAIIAN SPRINGS, LLC and HSW HOLDINGS CORPORATION,

Defendants.

---

# REPLY IN SUPPORT OF MOTION TO INTERVENE by PROPOSED INTERVENOR, HAWAII BREWERY DEVELOPMENT CO., INC.

---

Proposed Intervenor Hawaii Brewery Development Co., Inc. [“HBDC”], through its undersigned counsel, files this reply in support of its motion, pursuant to Federal Rule of Civil Procedure 24, to intervene as of right (and in the alternative to intervene permissively) as a defendant in this action.

Stripped of *ad hominem* attacks and irrelevant and unsupported assertions about various parties’ and non-parties’ alleged *intent*[1] and *goals,* the Response to HBDC’s Motion to Intervene (“Response”) filed by Plaintiff Leonite Fund I, LP [“Leonite”] proves the need to allow HBDC to intervene.

By challenging only one prong of the intervention test (that HBDC’s “interest is not adequately represented by existing parties”), Leonite confesses that HBDC meets the other elements of Rule 24(a): that HBDC’s intervention is timely, that HBDC has an interest in the subject matter of the underlying action, and that HBDC is so situated that denial of the

---

[1] HBDC’s *intent* in filing the Motion to Intervene was *to intervene* and, by becoming a fully participating *party* in the case, protect its interests. *How* it will protect such interests depends on numerous, and as yet undetermined litigation issues, Receiver actions and omissions, and other circumstances not yet manifest or articulated. Mere, unfounded speculation concerning HBDC’s intent or prospective post-intervention activities should be disregarded.

Motion to Intervene would impair or impede HBDC's ability to protect its interest. *Hous. Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

No other party can or will adequately protect HBDC's interests.

1. Leonite is the only other *party in* this case and thus it is the only other *party* that could protect HBDC's interest; but it is adverse. Leonite incorrectly asserts that other *parties* already before the Court have the same interests as HBDC, or can represent HBDC's interest. The caption names three *parties*. Having never appeared in response to Leonite's purported, *albeit* deficient Complaint, neither Defendant HSW Holdings Corporation ["HSW"] nor Hawaiian Springs, LLC ["HSLLC"] can or is likely to represent HBDC's interest in this case nor could they as both have an opposite and conflicting interest in the Lease. The only *party* to have taken any position in the matter is Leonite; it is clearly adverse to HBDC so it cannot represent HBDC's interests, nor does it pretend to. There is no other *party* in this litigation to represent HBDC's interest.

**2.** The Receiver is not a party. Moreover, and disregarding the quibble over the level of consent the Receiver expressed to HBDC's intervention[2], the Receiver has not asserted that he can or will represent HBDC's interest in this case. If, as Leonite notes, the Receiver represents the interests of *all* creditors, and wants to "maximize the recovery to *all* creditors," he must necessarily be adverse to HBDC, for without the lease and the leased Real Property [to which, HBDC asserts, he has no right], the Receiver cannot operate Defendant's water bottling business and pay the other creditors. Moreover, as the *only secured creditor* with a possessory and reversionary interest in the Real Property, and the only entity alleging that the lease was lawfully terminated before appointment of the Receiver, HBDC is in a unique position unoccupied by any other creditor. HBDC has moved to appear herein to

[2] When consulted about the Receiver's position on HBDC's proposed Motion to Intervene, his counsel used these words: "We want you [HBDC] in the case."

represent its own interests since no other party can or will. Were this a bankruptcy, HBDC, the *only lessor* with an interest in the Real Property, would certainly be allowed to participate directly. It would not have to rely on the alleged protection of lenders, the lessee, the trustee, or unsecured creditors, all with obviously adverse interests.

**3.** The thrust of this case is that Leonite wants to rehabilitate the debtor by -- albeit with the assistance of the court-appointed Receiver -- arrogating to HSW and HSLLC property interests that HBDC asserts have already been terminated. HBDC does not seek to "enrich itself" at the expense of any other entity; it seeks the opportunity to appear in this action and protect its own interests.

**4.** Leonite's defense of its lending scheme exposes a critical weakness in its case. Leonite states in its Response (p. 5, ¶ 4) that, "as is very standard," Leonite took, and in this case wants to vindicate and enforce, a blanket lien on virtually all of HSW's and HSLLC's assets – including the lease between HBDC and HSW. However, that very lease, which Leonite claims as security for its loan, denies on its face [Paragraph 11] HSW's right to mortgage or encumber the leasehold interest or the Real Property without HBDC's consent, which neither Leonite nor HSW ever sought or obtained. Leonite does not dispute this, nor could it. Instead, it continues to avoid an admission that is easily confirmed by the plain language of the lease. HBDC asserts that Leonite's interest in the lease is void, that the lease terminated before this case was commenced, and that the Receiver is acting under color of a terminated contract right. No current party in this action can or will bring those assertions before the Court; Leonite's Response all but confirms this. Accordingly, the Court must admit HBDC into the case so it at least has the right and ability to do so, if appropriate.

**5.** Finally, though not critical to the questions before the Court, HBDC takes issue with Leonite's descriptions of the Receiver's actions and the aspersions the Response casts on HBDC's conduct *vis-à-vis* the Receiver. (A) That the Receiver has brought the

lease "current" is denied; HBDC is the *only* party that can or will challenge Leonite and the Receiver on this issue. (B) HBDC has *meticulously* obeyed this Court's orders, including by promptly responding to and cooperating with any and all requests by the Receiver for information about, and access to, the Real Property. That the Receiver may have had difficulties in managing the Real Property is attributable more to his locus being more than 3000 miles from Real Property he is charged with managing and preserving rather than any act or omission by HBDC.

HBDC is uniquely situated such that no other party can or will protect its rights herein. HBDC has met all requirements under Rule 24 for intervention and it should be allowed to intervene in this case.

**WHEREFORE**, Proposed Intervenor Hawaii Brewery Development Co., Inc. requests an Order pursuant to Rule 24 allowing it to intervene as of right (or in the alternative as a permissive intervenor) as a defendant in this action, and that its proposed Answer, Counterclaims, and Crossclaims be accepted and deemed filed herein.

Respectfully submitted this 17 day of May, 2024.

*/s Alan S. Thompson*

______________________________

Alan S. Thompson (Colo. Bar #20238)
Stephen E. Kapnik (Colo. Bar # 7810)
Lohf Shaiman Jacobs PC
Denver, Colorado 80246
Telephone (303) 753-9000
Email: athompson@lohfshaiman.com

Attorneys for Proposed Intervenor
Hawaii Brewery Development Co., Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 17, 2024, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO INTERVENE by PROPOSED INTERVENOR, HAWAII BREWERY DEVELOPMENT CO., INC.** to be filed and served via CM/ECF to counsel of record.

*/s Alan S. Thompson*

Alan S. Thompson