**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:24-cv-00149-NYW-STV

LEONITE FUND I, LP,

Plaintiff,

v.

HAWAIIAN SPRINGS, LLC and HSW HOLDINGS CORPORATION,

Defendants,

and

HAWAII BREWERY DEVELOPMENT CO., INC.,

Defendant, Counterclaimant, and Cross-claimant.

---

**MOTION TO DISMISS COMPLAINT by
DEFENDANT HAWAII BREWERY DEVELOPMENT CO., INC.**
_____

Defendant Hawaii Brewery Development Co., Inc. ["HBDC"], through its undersigned counsel, files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

The Court should dismiss the Complaint herein because (1) this Court lacks subject matter jurisdiction in that there is incomplete diversity of citizenship between the parties; and 2) it states no cognizable cause of action.

### 1. Dismissal is Proper Under Fed.R.Civ.Pro. 12(b)(1) because There is Not Complete Diversity of Citizenship

Plaintiff, Leonite Fund I., L.P.'s ("Leonite") claim of subject matter jurisdiction in this case is purportedly based on complete diversity of citizenship of the parties, under 28 U.S.C. 1332. *See* Complaint, [Docket # 1], ¶ 8. In support of this averment, Leonite attached

an extrajudicial *Unanimous Written Consent of the Members and Sole Manager of Hawaiian Springs LLC* ("Written Consent") to its Complaint as Exhibit C [Docket 1-1, Pages 43-44 of 59]. Leonite relied upon this Written Consent in its effort to establish that Defendant, Hawaiian Springs LLC ("HSLLC"), agreed to the appointment of a receiver "due to the financial issues and crises it is facing." Complaint, ¶ 29. The Written Consent, attached to the Complaint, was executed by "all of the Members of the Company" who constitute "100% of the voting equity of the Company"); no other consent is mentioned. Plaintiff Leonite -- *Leonite* – executed this document *as one of the "Members"* of Hawaiian Springs Water LLC.

The foundational allegation of complete diversity of citizenship between and among the parties is contradicted by the Written Consent. The Written Consent on its face required the consent of *Members and the Sole Manager* of HSLLC – and does not reflect or require any other action by any other party. As a limited liability company, HSLLC's citizenship is based on the citizenship of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members"). Furthermore, diversity is determined at the time of filing the complaint. *Siloam Springs*, *supra,* 781 F.3d at 1239.

The Written Consent establishes, on its face, that Plaintiff Leonite is a member of Defendant Hawaiian Springs Water LLC. Thus, Leonite the Plaintiff, and Leonite, a member of Defendant, HSLLC, reside in the same state, and so, there is not complete diversity between the parties. Leonite's own Complaint establishes that there is no diversity of citizenship among the parties and that this Court lacks subject matter jurisdiction over the case. Accordingly, dismissal is proper under Rule 12(b)(1).

Lest Leonite respond with purported "evidence" that attempts to contradict or explain the Written Consent, the Court should note that HBDC's counsel *twice* raised and attempted to confer with Leonite to address this issue even before appearing herein.  In its response to HBDC's counsel's initial letter (copy attached hereto as **Exhibit 1**), Leonite's counsel, Zvi Raskin, Esq.,[1] provided an ostensive HSLLC Operating Agreement, dated June 16, 2020, years before Leonite filed its Complaint on January 18, 2024, and stated:

> The Consent to which you refer in your letter was drafted by me.  I included Leonite Fund I, LP as a signatory – despite its not being a member of Hawaiian Springs LLC – because I wished to document (and for the other signers to see) that Leonite was consenting to the appointment of a Receiver.  Because of the significant time urgency, I rushed to circulate the document and failed to clarify Leonite's role – which is a lender and not a member.

*See* Mr. Raskin's letter, attached as **Exhibit 2**.

HBDC's counsel attempted to follow up [copy attached as **Exhibit 3**], questioning this *mea culpa* assertion and requesting documentation supporting this obviously major and troubling issue.  HBDC's counsel raised numerous concerns regarding the validity of the ostensive Operating Agreement, including, but not limited to, the fact that it did not establish HSLLC's members at the time the Complaint was filed on January 18, 2024; and that the recitals for the Operating Agreement described events that occurred nine months after its effective date.  HBDC's letter ended with a renewed request for proof that that complete diversity existed *at the time Leonite filed its Complaint*.  Leonite did not respond at all.

---

[1] Zvi Raskin, Esq., who, upon information and belief, *is not admitted* in this Court, appears as counsel for Leonite in the Complaint (Docket #1], Plaintiff's Motion to Appoint Receiver [Docket #3], Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction [Docket #9 and #13], and Plaintiff's Memorandum of Law in Opposition to Motion to Intervene of Proposed Intervenor Hawaii Brewery Development Co., Inc. Pursuant to FRCP 24(a) and (b) [Docket #33].

Absent a complaint that establishes complete diversity, the Court must dismiss this action. This is especially true here where the "Complaint" establishes the exact opposite — that there is *not* complete diversity.

2.  **Dismissal is Proper Under Fed.R.Civ.Pro. 12(b)(6) because the Complaint States No Claim.**

Typically, the sobriquet for a motion under Fed.R.Civ.Pro. 12(b)6 is "motion to dismiss for failure to state a claim *upon which relief can be granted*." In the case at bar, the italicized phrase is superfluous: the Court should dismiss this case because Leonite's complaint fails to state any claim *at all*.

Under Fed.R.Civ.Pro. 3, a civil action can only be commenced by the filing of a Complaint. Under Fed.R.Civ.Pro. 8(a)(2), a Complaint must include a *statement of a claim* showing the pleader is entitled to relief. Leonite's Complaint sets forth only one ostensible claim: for "Appointment of a Receiver," which is not itself a *cause of action. Gordon v. Washington,* 295 U.S. 30, 37, 55 S. Ct. 584, 588 (1935) ("A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity. . . . [I]t is not an end in itself. There is no occasion for a court of equity to appoint a receiver of property of which it is asked to make no further disposition."); *Genesis Capital, LLC v. Lauravin Luxury Apartments Homes, LLC*, Civil Action No. 23-795 (JEB), 2023 U.S. Dist. LEXIS 84754, at *6 (D.D.C. May 15, 2023) (a receivership is not a cause of action but rather a form of relief, an ancillary equitable remedy that can be granted only in connection with some other actual cause of action). The "complaint" herein -- really a motion for appointment of a receiver -- includes *no actual cause of action* and should be dismissed. *See*

4

*Pittman v. Kramer,* No. 23-1067, 2023 U.S. App. LEXIS 21998, at *4 (10th Cir. Aug. 22, 2023)(affirming dismissal (without prejudice) of a complaint that did not satisfy Rule 8).

In this case, not only does the complaint contain no cognizable claim for relief, but Leonite has known of this failure since *at least* April 25, 2024, when HBDC filed its Motion to Intervene in which it highlighted this issue.  (*See* HBDC's Motion to Intervene [Docket #26], at fn 6.)  Although HBDC does not herein seek dismissal under Fed.R.Civ.Pro. 41(b) for failure to prosecute, because Leonite has for so long knowingly slumbered on its opportunity to correct its fatally flawed complaint, dismissal with prejudice for failure to comply with Fed.R.Civ.Pro. 8 is appropriate and the factors that support a *sua sponte* Rule 41 dismissal for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure are instructive.

*Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) establishes that, in considering whether to dismiss under Rule 41(b), the Court should consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Omstead,* 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, these factors, especially the public's interest in expeditious and efficient litigation and the Court's need to manage its docket, weigh in favor of dismissal.  Leonite has disregarded this fundamental and critical pleading issue for months, despite its already questionable strategy in bringing this case in this District.  Leonite likely intentionally selected this forum, thousands of miles and completely divorced from any interest in the locus of the dispute (Hawaii), while initially denying to HBDC status as a party, so as to utilize this Court's process to implement a scheme to deny all Hawaii entities – nearly *all* of

the creditors and thus parties in interest – from a local forum to decide cases and interests on the merits.[2] Leonite not only failed to file a valid complaint, it presented *extra judicial* statements by the two corporate defendants[3] as if those parties had properly appeared herein, and has not attempted to obtain any default against them despite their non-appearance. These failures to prosecute and follow normal court orders and procedures hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend *to litigate* this action conventionally or diligently.

In the case at bar, the third *Omstead* factor — prejudice to defendant — weighs heavily in favor of dismissal. Before this case was even filed there was a forum that was already acting upon HBDC's claim that the lease at the center of this case was properly terminated– *in Hawaii* ("HBDC's Hawaii Litigation"). In Paragraphs 21 and 22 of the Complaint, Leonite admits the pendency of HBDC's Hawaii Litigation. Leonite's actions have denied HBDC the benefit of having that local forum to litigate its claims. A rebuttable presumption of prejudice to defendant arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

---

[2] In addition to HBDC's two pending actions in Hawaii which have been stayed by this Court, a third case was filed on May 14, 2024 in O'ahu First Circuit Court, Hawai'i, by a creditor alleging a debt of more than $110,000 from 28 unpaid invoices, captioned *Matson Navigation Company Inc. v. Hawaiian Springs LLC*, Case No. 1CCV-24-628.

[3] For example, the Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction, Docket #13, purportedly executed by Defendants directly, and not by any counsel representing them.

The fourth factor — public policy in favor of deciding cases on the merits — ordinarily weighs against dismissal.  Here, there is *no case* to be decided *on the merits.*  Leonite's failure even to attempt to state a cognizable claim – after receiving notice of the deficiency, no less – is, if not intentionally dilatory and evasive, at a minimum neglect causing unreasonable procedural morass and delay, for which it should not be rewarded.  *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).

The fifth factor — availability of less drastic sanctions — also weighs in favor of dismissal.  The Court cannot move this case toward disposition since the only controversy before the court is HBDC's instant claim that this action was filed and has been proceeding with no basis in law.  There is in this matter no complaint, no response by putative defendants, and no motion for default.  Leonite is either unwilling or unable to comply with normal civil process in this action.

Absent a Complaint that expresses a *claim*, the Court must dismiss this action.

### 3. Conclusion

This Court lacks subject matter jurisdiction; and Leonite's Complaint states no claim.  The Court should dismiss Leonite's complaint.

**WHEREFORE**, Defendant Hawaii Brewery Development Co., Inc. requests that this Court: 1) dismiss this case under Fed.R.Civ.P 12(b), with prejudice, 2) terminate the Receiver's appointment herein (with allowances for payment of his fees and costs as appropriate); 3) lift the stay imposed on HBDC's Hawaii Litigation and any other stayed cases; and 4) grant such further relief as is just.

Respectfully submitted this 31st day of May, 2024.

/s Alan S. Thompson
_____
Alan S. Thompson (Colo. Bar #20238)
Stephen E. Kapnik (Colo. Bar # 7810)
Lohf Shaiman Jacobs PC
950 S. Cherry St., Suite 300
Denver, Colorado 80246
Telephone (303) 753-9000
Email: athompson@lohfshaiman.com

Attorneys for Defendant
Hawaii Brewery Development Co., Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 31, 2024, I caused a true and correct copy of the foregoing to be filed and served via CM/ECF to counsel of record.

/s Alan S. Thompson
_____
Alan S. Thompson