

Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii  96813

P.O. Box 1760
Honolulu, Hawaii  96806

Tel:  (808) 523-9000
Fax:  (808) 533-4184
E-mail:  mail@legalhawaii.com
www.legalhawaii.com

Harvey J. Lung
Crystal K. Rose
Bruce D. Voss
Craig P. Wagnild
Ryan H. Engle
Michael C. Carroll
Adrian L. Lavarias
Sarah M. Love
Matthew C. Shannon
Christian D. Chambers
Grant F. Allison

John M. Blanchard
Suhyeon Burns
David E. Case
John D. Ferry III
Kira J. Goo
Katherine T. Hiraoka
David A. Imanaka
Jai W. Keep-Barnes
Sharon Paris
Ciarra B. Sapigao
Ivana Tran

A Partnership of
Law Corporations

Jason N. Baba
(1957-2001)

March 25, 2024

Via Email:  zr@raskinlegal.com

Zvi Raskin, Esq.
1 Hillcrest Center Drive, Suite 232
Spring Valley, NY  10977

Via Email:  nhiga@chunkerr.com

Nathaniel A. Higa, Esq.
Chun Kerr LLP
First Hawaiian Ctr.
999 Bishop St., Ste. 2100
Honolulu, HI  96813

Re:   Leonite Fund I, LP v. Hawaiian Springs, LLC and HSW Holdings Corporation; Civil No. 1:24-cv-00149-NYW-STV

Dear Messrs. Raskin and Higa:

As you know, our office represents Hawaii Brewery Development Co., Inc. ("HBDC").  We are writing in regard to the above noted matter ("Receiver Action") in which Leonite Fund I, LP ("Leonite") obtained the appointment of Mr. Robert Stevens ("Receiver") as receiver for Hawaiian Springs, LLC ("HSLLC") and HSW Holdings Corporation ("HSW Holdings").  We have sent several letters expressing concerns over the events giving rise to HBDC's ongoing damages as a result of the Receiver's appointment.  Based on our review of Leonite's "Complaint" and exhibits filed in the Receiver Action, we are writing yet again to raise what appears to be further improprieties with the Receiver's appointment.

Specifically, it appears that the United States District Court for the District of Colorado (the "Court") did not have jurisdiction over the Receiver Action.  As a result, among other reasons that we have already raised, the Order Appointing Receiver was improperly obtained.  If necessary, we are prepared to challenge the Order Appointing Receiver in Colorado.  However, before doing so, we are providing Leonite and HSLLC with an opportunity to correct us if we are mistaken.

The Court's lack of jurisdiction over the Receiver Action is apparent on the face of Leonite's Complaint and accompanying exhibits.  The Complaint alleges:

> 6. Hawaiian Springs LLC has two members, one of which resides in California and the other is HSW Holding Corporation.

Zvi Raskin, Esq.
Nathanial A. Higa, Esq.
March 25, 2024
Page 2

. . .

      8. Subject matter jurisdiction is proper in that all plaintiffs are citizens of different states than the defendant and the matter in controversy exceeds the sum or value of $75,000.

Yet these allegations are directly contradicted by Leonite's exhibit.

      Leonite attached a Unanimous Written Consent of the Members and Sole Manager of Hawaiian Springs LLC ("Written Consent") to its Complaint as Exhibit C. Leonite relied upon this Written Consent to establish that HSLLC "agreed to the appointment of a receiver due to the financial issues and crises it is facing." Complaint, ¶ 29. Despite Leonite's representation to the Court that HSLLC has two members, the Written Consent identifies Mr. Lewis Cohen, HSW Holding Corporation, ***and*** Leonite as "the members of Hawaiian Springs LLC[.]" As the Written Consent makes clear, HSLLC has (or had at the time of the Complaint) three members, not two.

      Moreover, Leonite alleged that the United States District Court for the District of Colorado had jurisdiction over the Receiver Action pursuant to 28 U.S.C. 1332 ("Diversity Jurisdiction"). See Complaint, ¶ 8. In support, Leonite represented that "all plaintiffs are citizens of different states than the defendant[.]" This allegation, however, is also contradicted by the Written Consent.

      This is because the Written Consent lists **Leonite as a member of HSLLC**. As an LLC, HSLLC's citizenship is based on the citizenship of its members. Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."). Thus, for purposes of Diversity Jurisdiction, HSLLC is necessarily a citizen of the same state as Leonite, and **there is no Diversity Jurisdiction**. See Hicks v. USAA Cas. Ins. Co., 2023 U.S. Dist. LEXIS 30620, *2 (D. Col. Jan. 9, 2023) ("Diversity jurisdiction exists, only if no plaintiff and no defendant are citizens of the same state.").

      Even if HSLLC subsequently changed its members as an after-the-fact attempt to manufacture Diversity Jurisdiction, the Court still would not have jurisdiction over the Receiver Action. This is because Diversity Jurisdiction was required at the time Leonite filed its Complaint. See, e.g., Siloam Springs Hotel, L.L.C., 781 F.3d at 1239 ("[I]t is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint.").

1283692.1

EXHIBIT 1

Zvi Raskin, Esq.
Nathanial A. Higa, Esq.
March 25, 2024
Page 3

   Further, even if Leonite was a member of HSLLC at the time of the Written Consent, but removed itself as a member prior to filing its Complaint a mere 23 days later, the alleged Diversity Jurisdiction is still subject to challenge.  Aside from blatant forum shopping, there is no credible reason why Leonite would execute the Written Consent, then remove itself as a member of HSLLC immediately prior to seeking the appointment of the Receiver.  This holds particularly true given that the Written Consent explicitly notes that HSLLC experienced a "series of financial issues and crises[.]"  In other words—Why would Leonite relinquish control over HSLLC as a member immediately before suing HSLLC for defaulting on its loan?

   Given the above, it appears highly likely that the Court lacks jurisdiction over the Receiver Action and, therefore, Leonite wrongfully obtained the Order Appointing Receiver.  To make matters worse, Leonite appears to have made intentional misrepresentations to the Court in furtherance of securing the Receiver.  At a minimum, it engaged in improper forum shopping.  Under either scenario, HBDC has a valid basis to challenge Leonite's claim of Diversity Jurisdiction and the resulting Order Appointing Receiver.

   Before doing so, Leonite and/or HSLLC should correct us if we are wrong.  To that end, we respectfully request that Leonite and/or HSLLC respond to this letter on or prior to 5:00 p.m. EDT on Friday, March 29, 2024, informing us of HSLLC's citizenship at the time Leonite filed its Complaint.  If HSLLC's citizenship is different than what is reflected in the Written Consent, please explain why.  Further, please explain why Leonite decided to remove itself as a member of HSLLC **after** executing the Written Consent, but immediately **prior** to filing its Complaint.  If we do not receive this information on or prior to the aforementioned date and time, we will assume our understanding is correct.  We will then be forced to take steps to

1283692.1

EXHIBIT 1

Zvi Raskin, Esq.
Nathanial A. Higa, Esq.
March 25, 2024
Page 4

rectify Leonite's misrepresentations to the Court.  If this occurs, HBDC will seek all available relief, including sanctions.

        Thank you for your attention to this serious matter.

        Very truly yours,

        LUNG ROSE VOSS & WAGNILD

By: _____
        Harvey J. Lung
        Attorney at Law, A Law Corporation
        Its General Partner

HJL/JKB:mml
cc:    Tracy L. Ashmore, Esq. (Via Email:  tashmore@rwolaw.com)
       George W. Van Buren, Esq. (Via Email:  gvb@vcshawaii.com)

1283692.1

EXHIBIT 1