**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:24-cv-00149-NYW-STV

LEONITE FUND I, LP,

Plaintiff,

v.

HAWAIIAN SPRINGS, LLC and HSW HOLDINGS CORPORATION,

Defendants,

and

HAWAII BREWERY DEVELOPMENT CO., INC.,

Defendant, Counterclaimant, and Cross-claimant.

---

**<u>FORTHWITH</u> MOTION FOR ORDER ALTERING BRIEFING SCHEDULE**
**by**
**DEFENDANT HAWAII BREWERY DEVELOPMENT CO., INC.**

---

Defendant Hawaii Brewery Development Co., Inc. ["HBDC"], through its undersigned counsel, and pursuant to D.C.Colo.LCivR 7.1)(d), requests a <u>forthwith Order</u> altering the briefing schedule for the *Motion For Relief From Stay and To Amend Or Modify the Order Appointing Receiver by Defendant Hawaii Brewery Development Co., Inc.* ("MFRS"), as follows:

**D.C.Colo.L.R. 7.1 Certificate of Conferral**.  Counsel for HBDC certifies that he discussed the within motion with counsel for the receiver appointed herein [the "Receiver"]. Receiver's counsel objects to the relief requested herein.  HBDC's counsel also attempted to reach counsel for Plaintiff, Leonite Fund I, LLP ["Leonite"] by telephone but was unsuccessful.  Accordingly, Leonite's position concerning the relief requested herein is

unknown.  Counsel did not confer with Defendants Hawaiian Springs, LLC ["HSLLC] or HSW Holdings Corporation ["Holdings"] [Holdings and HSLLC collectively the "Defendants"] as neither has appeared herein.

1.      The MFRS, filed concurrently herewith on June 17, 2024, requests that the Court lift the Stay imposed by the Order Appointing Receiver (Docket #18, at 2) to allow HBDC to complete litigation, commenced in Hawaii (the "Hawaii Case") prior to institution of this case, concerning validity of a lease.  The continuing validity of such lease is an issue central to the Receivership and the ability of the Receiver to reorganize the Defendants' business.  The MFRS also seeks an Order limiting the Receiver's powers pending completion of the Hawaii Case so as to prevent the Receiver from dissipating receivership assets while the issue is determined, efforts that could be wasted depending on the outcome of the Hawaii Case.

2.      Under D.C.Colo.LCivR 7.1)(d), Plaintiffs' and the Receiver's deadline to respond to the MFRS is July 15, 2024, and HBDC's deadline to Reply will be August 1, 2024.

3.      D.C.Colo.LCivR 7.1)(d) allows the Court to reduce or extend deadlines for responding and replying to motions.  ("The responding party shall have 21 days after the date of service of the motion, or such lesser or greater time as the court may allow, in which to file a response.  The moving party may file a reply no less than 14 days after the date of service of the response, or such lesser or greater time as the court may allow.")

4.      Under the current briefing schedule, most of the summer will pass before the MFRS becomes ripe for determination and during that time, the Receiver will be spending more receivership assets, potentially for no reason.

5.      Accordingly, a reduced briefing schedule, in which Leonite and the Receiver -- should he decide it is in his purview and the interest of the estate to do so -- respond to the MFRS within 10 (ten) days and HBDC replies within 5 (five) days after the filing of the last response, will accelerate the briefing schedule such that the MFRS is ripe, at the latest, by July 8, 2024, three weeks sooner than under the conventional briefing schedule.

6.      The sooner the Court has the ability to instruct the Receiver about the scope of his duties going forward, the more efficient and confident the Receiver can be in carrying out his purpose and better off all creditors will be as receivership assets are best preserved.

7.      Accordingly, good cause exists to apply a reduced briefing schedule to the MFRS.

**WHEREFORE**, Defendant HBDC requests that this Court Order that Leonite and the Receiver shall Respond to the *Motion For Relief From Stay and To Amend Or Modify the Order Appointing Receiver by Defendant Hawaii Brewery Development Co., Inc.* on or before July 1, 2024, and that HBDC shall reply on or before July 8, 2024.

Respectfully submitted this 17th day of June, 2024.

*/s Alan S. Thompson*
_____
Alan S. Thompson (Colo. Bar #20238)
Stephen E. Kapnik (Colo. Bar # 7810)
Lohf Shaiman Jacobs PC
950 S. Cherry St., Suite 300
Denver, Colorado 80246
Telephone (303) 753-9000
Email: athompson@lohfshaiman.com

Attorneys for Defendant
Hawaii Brewery Development Co., Inc.

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 17, 2024, I caused a true and correct copy of the foregoing to be filed and served via CM/ECF to counsel of record.

*/s Alan S. Thompson*

_____

Alan S. Thompson