**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00149-NYW-STV

**LEONITE FUND I, LP**,

Plaintiff,

v.

**HAWAIIAN SPRINGS, LLC** and **HSW HOLDINGS CORPORATION,**

Defendants,

and

**HAWAII BREWERY DEVELOPMENT CO., INC.,**

**Defendant.**

---

**RECEIVER'S RESPONSE TO HBDC'S MOTION TO DISMISS**

---

Robert L. Stevens, the Receiver, responds to Defendant Hawaii Brewery Development Co., Inc.'s ("Landlord") motion to dismiss as follows:

## INTRODUCTION

The Receiver is a neutral and is an officer of the Court. The Receiver was appointed by this Court and, since his appointment, has worked and will continue to work hard to maximize the value of the receivership estate for all parties. Because the Receiver believes his work has and will continue to benefit the Landlord as well as Leonite, and because the Receiver disputes the premise that dismissal is warranted, the Receiver respectfully submits this response opposing the Landlord's motion.

## FACTUAL BACKGROUND

Plaintiff Leonite Fund I, LP ("Leonite") brought this action on January 18, 2024, seeking to appoint a receiver over the assets of Hawaiian Springs, LLC and HSW Holdings Corporation (collectively, "the Business"). The Receiver was appointed on February 1, 2024. Immediately after his appointment and shortly after this action was filed, notice of the appointment was provided to the Landlord through Landlord's counsel. Landlord was not a party, however Landlord was represented by competent counsel on February 1, 2024 and Landlord was aware of its option to intervene.

Instead, Landlord did nothing for almost three months. From February 1, 2024 when it new about this case, until April 26, 2024 when it moved to intervene, Landlord accepted the benefits of the Receivership including receiving tens of thousands of dollars from the Receiver in rent, past due obligations owed on the power purchase agreement, and the restoration of power to the Property. Indeed, Landlord *insisted* that the Receiver restore power to the Property and that the Receiver otherwise protect the property.

In sum, Landlord did not seek to dismiss this case timely and Landlord has accepted tens of thousands of dollars from the Receiver. At present, there is no monetary default on Landlord's lease. Landlord and the Receiver worked together through their counsel, to cure any prior defaults in the Lease as quickly as possible. Landlord is not harmed in any manner by the receivership.

The Receiver has paid all rent due and has paid all past and current obligations owed to Landlord under the Power Purchase Agreement ("PPA") related to the Lease and the Property. The Lease at issue specifically authorizes an extended cure period and any

and all prior defaults have most assuredly been cured. The Lease specifically authorizes an extended cure period, stating: "Provided however, and notwithstanding the foregoing, if the default cannot reasonably be cured within such thirty (30) days, Lessee **shall be allowed** such longer time to cure the default as may reasonably be required, provided that Lessee commences the cure within such thirty (30) days." (Emphasis supplied.) In short, any and all payment defaults have been cured in a timely manner.

The Landlord has had no issue accepting rental payments and other monies from the Receiver. The Receiver has attempted to negotiate a new Lease with the Landlord and the Landlord has declined any and all negotiations. Nonetheless, by accepting the rent from the Receiver who is prepared to affirm the Lease, as well as all cure payments and additional consideration in the form of restoration of power, Landlord has waived its right to terminate the Lease. The Receiver notes that although Landlord now purportedly objects to the assignment of any rights to Leonite, the Landlord knowingly accepted funds from Leonite well before the Receiver was appointed and the Landlord's position that Leonite has no interest in the Lease cannot be reconciled with the Landlord's and Leonite's prior course of dealing. The Lease itself permits assignment and prevents the Landlord from unreasonably withholding consent to assignment.

## LEGAL STANDARD

When amending the Complaint can cure any deficiencies raised in a motion to dismiss, amendment is the favored course. "[D]ismissal of an action is a harsh remedy, and a court may liberally grant a litigant leave to cure pleading deficiencies, *see* Fed. R.

Civ. P. 15(a)(2)." *W. Union Co. v. Ace Am. Ins. Co.*, 623 F. Supp. 3d 1153, 1160 (D. Colo. 2022).

Federal law does govern a federal receivership case. Nonetheless, Fed.R.Civ.P. 66 "doesn't provide a standard for courts to apply when they are asked to appoint a receiver, nor the procedural mechanism for doing so. The court thus turns to [state] law to ascertain the governing legal standard and pertinent procedure." *Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Acme Invs. & Jones Serv., LLC*, No. 23- 205-DDC-ADM, 2023 WL 6516412, at *2 (D. Kan. Oct. 5, 2023). Under Colorado law, an action for the appointment of a receiver may be pursued where the claim for the appointment of a receiver is the sole claim for relief. "C.R.C.P. 66(d)(1) provides that the appointment of a receiver 'may be the sole claim for relief in an action'." *Colorado Cmty. Bank v. Hoffman*, 2013 COA 146, ¶ 28, 338 P.3d 390, 395.

In the precise circumstances *sub judice,* the federal courts too agree that the appointment of a receiver may be the sole claim for relief:

> The defendants argue that no other relief is sought in this case and therefore that the request for a receiver should be denied.
>
> ***
>
> In this case, no immediate relief other than the appointment of a receiver is sought directly from the Court.
>
> ***
>
> The Court's equitable power to appoint a receiver extends to situations where a plaintiff who is a secured creditor seeks the appointment of a receiver to avoid a substantial and preventable decline in the value of its collateral, where the only other proposed alternative is a large loan to a debtor who is already in default, and where an explicitly stated and contemplated end of the receivership is the sale of the properties. Because

> that is the case here, the defendants' motion for judgment as a matter of law is **denied.** Moreover, because it is a proper use of the Court's equitable power to grant the motion for a receiver in this case, and because there is a strong likelihood of imminent and irreparable harm to the value of the [estate] in the absence of the appointment of a receiver, the motion for a receiver will be **granted.**

*U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 257 (S.D.N.Y. 2012).

## ARGUMENT

### A. This Court has jurisdiction.

The Landlord knows that there is complete diversity in this case. When Landlord asked Plaintiff's counsel whether Leonite was a member of either Defendant, Landlord was advised: "Leonite … is a lender and not a member." *See* Motion to Dismiss, at p. 3. At most, Landlord may be entitled to jurisdictional discovery. Alternatively, this Court can require Plaintiff to provide further evidence of diversity. The Receiver submits that because Plaintiff's attorney is an officer of the Court, this Court can take Plaintiff's counsel at its word and determine that Leonite is not a member of either Defendant and complete diversity has been established.

### B. The Complaint sets forth a claim upon which relief can be granted.

It is apparent from the allegations of Plaintiff's Complaint that Leonite loaned money to Defendants and was not repaid pursuant to the terms of the Promissory Note. *See* Complaint (Doc. 1), ¶ 16. Leonite specifically pleaded that "HSLLC is in default on the loan." *See* Complaint, ¶ 21. Leonite specifically pleaded that: "On or about December 13, 2023, Leonite sent a notice of default to HSW and HSLLC asserting that they were in default of their payment obligations under the Promissory Note and that, as

of that date, the sum of $2,254,323.58 was due and owing by Borrowers to Leonite." *See* Complaint at ¶ 27.

Leonite has alleged all of the facts for a breach of contract claim and could add a claim to this action for breach of contract reciting the elements for that claim and truthfully alleging that Defendants have defaulted on their obligation under the Note. Defendants could then either default on the Amended Complaint, or file an Answer admitting to their breach. It is also clear from the documents submitted with the Complaint that because of Defendants' breach, Leonite is entitled, as a remedy, to the appointment of a Receiver.

If this Court is persuaded by Landlord's position that Defendants default under the note, which is a breach of contract, should be added as a separate claim for relief, Plaintiff should be allowed to amend. If, on the other hand, this Court agrees that this expense can be avoided based on the allegations in the Complaint, the Receiver notes that there is support for such a decision in *U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 257 (S.D.N.Y. 2012), quoted above.

Leonite is seeking more than the mere appointment of a Receiver. Leonite is seeking to foreclose on its collateral. Contrary to the position of the Landlord, the Receiver is prepared to and is working now to bring the business into a fully operational state. The Receiver believes that the business, once operational, will be an attractive acquisition for many buyers in the spring water market. The Receiver, and Leonite, are optimistic that the sale will result in sufficient proceeds to pay all creditors. For these reasons, this case is on all fours with the key facts in *Nesbitt Bellevue Prop.* and this Court can and should deny Landlord's motion to dismiss.

## CONCLUSION

The Receiver submits that Landlord's motion to dismiss should be denied.

Respectfully submitted this 20th day of June 2024.

ROBINSON WATERS & O'DORISIO, P.C.

By: */s/ Tracy L. Ashmore*

Tracy L. Ashmore, #25944
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
E-mail: tashmore@rwolaw.com
*Attorney for Receiver*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 20, 2024, a true and correct copy of the foregoing **RECEIVER'S RESPONSE TO MOTION TO DISMISS** was filed and served via CM/ECF to all counsel of record.

*s/ Holly Stahl*
For Robinson Waters & O'Dorisio, P.C.