**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:24-cv-00149-NYW-STV

LEONITE FUND I, LP,

Plaintiff,

v.

HAWAIIAN SPRINGS, LLC and HSW HOLDINGS CORPORATION,

Defendants,

and

HAWAII BREWERY DEVELOPMENT CO., INC.,

Defendant, Counterclaimant, and Cross-claimant.

---

**SUPPLEMENT TO MOTION FOR RELIEF FROM STAY and TO AMEND OR MODIFY THE ORDER APPOINTING RECEIVER by DEFENDANT HAWAII BREWERY DEVELOPMENT CO., INC.**

---

Defendant Hawaii Brewery Development Co., Inc. [“HBDC”], through its undersigned counsel, supplements its Motion for Relief From Stay and to Amend or Modify the Order Appointing Receiver [“MFRS”] by Defendant Hawaii Brewery Development Co., Inc. as follows:

**Procedural Note**

HBDC files this Supplement to alert the Court to a fundamental legal impediment to the Stay subject of, and which the Court must consider in determining, the MFRS. Given that the hearing on the MFRS was only just moved from July 17, 2024 to July 29, 2024, HBDC will not object to a reasonable enlargement for Plaintiff and the Receiver to address the issue

raised in this Supplement should they require one, nor should such briefing interfere with or delay the currently scheduled July 29, 2024 hearing.

**This Court's Stay Violates 28 U.S.C. § 2283,**
**the Federal Anti-Injunction Act (the "Act")**

The Stay (addressed in the MFRS) issued by this Court violates the very concept of federalism as enacted first in "§ 5 of the Act of March 2, 1793, 1 Stat. 335: '[N]or shall a writ of injunction be granted [by any court of the United States] to stay proceedings in any court of a state.'" *Toucey v. N.Y. Life Ins. Co.*, 314 U.S. 118, 129 (1941). The "unqualified" language in the statute was subsequently modified by Congress when it enacted, over 150 years, only a "few withdrawals from this sweeping prohibition." *Toucey*, *supra*, 314 U.S. at 132. None of those "withdrawals" [exceptions] -- now codified at 28 U.S.C. § 2283 – applies in this case.

28 U.S.C. § 2283 directs that: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This provision "creates an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *See Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004).

The three exceptions contained in the Act are: 1) If Congress "expressly authorized" the injunction; 2) If an injunction is "necessary in aid of [the federal court's] jurisdiction;" or 3) If an injunction is issued "to protect or effectuate [the federal court's] judgments." These exceptions are construed narrowly, and courts should "resolve doubts about the applicability

of an exception in favor of allowing the state-court proceeding to continue." *Tooele Cnty. v. United States,* 820 F.3d 1183, 1188 (10th Cir. 2016).

This Court's Stay should be dissolved, or relief from the Stay granted, to allow the Hawaii State Court Cases to proceed to judgment, because no exception to the Act's prohibition of the Stay arises in this case:

1. No federal statute authorized the Stay. The *Toucey* court at 314 U.S. 132-134 identified the statutory exceptions through 1941; neither the Complaint nor the [proposed] Amended Complaint, nor the Motion for Appointment of Receiver herein, cite any federal statute authorizing the Stay, and counsel could locate none.

2. The Stay is not necessary in aid of this federal court's jurisdiction. The "where necessary in aid of its jurisdiction" exception applies only when two conditions are met: (a) "both the federal and state suits constitute *in rem* or *quasi in rem* proceedings," and (b) "the federal court was the first to take possession of the res (the property under dispute in the federal and state actions)." *Goode v. Gaia, Inc*, Civil Action No. 20-CV-00742-DDD-KLM, 2022 U.S. Dist. LEXIS 219815, at *6 (D. Colo. Dec. 6, 2022) *citing Tooele Cnty, supra*, at 1188 (10th Cir. 2016). Here, even if the Receivership, in its illegitimate effort to reconstitute a terminated lease of real property, is a *quasi in rem* proceeding, there is no doubt that the Hawaii State Court Actions and in particular, the Ejectment Action, first took jurisdiction over the Lease and the subject Property long before Leonite commenced the case at bar. Accordingly, this exception does not apply; and

3. The Stay does not protect or effectuate this federal court's judgments. This exception only "authorizes injunctions against state adjudication of issues that 'actually have been decided by the federal court.'" *Weyerhaeuser Co. v. Wyatt*, 505 F.3d 1104, 1110 (10th Cir. 2007) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148, 108 S. Ct. 1684,

100 L. Ed. 2d 127 (1988)). This exception does not apply because there is no qualifying judgment, *i.e.*, *this* court has not issued any judgments [in this or any other case] regarding any party's claims that predate the Hawaii State Court Actions. *See Goode v. Gaia, Inc*, Civil Action No. 20-cv-00742-DDD-KLM, 2022 U.S. Dist. LEXIS 219815, at *6-7 (D. Colo. Dec. 6, 2022).

The Stay should be dissolved, or at the least relief from the Stay granted, because the Stay violates 28 U.S.C. § 2283.

**WHEREFORE**, Defendant HBDC supplements its Motion for Relief From Stay and renews its request that this Court: (1) Order Relief from the Stay imposed herein on all "actions against [HSLLC and HS Holdings]" to allow HBDC to litigate the Hawaii Ejectment Case, captioned *Hawaii Brewery Development Company v. Hawaiian Springs LLC et al.*, Circuit Court of the Third Circuit of Hawaii, Case No. 3CC-23-410; (2) Modify the Order Appointing Receiver to limit the Receiver's activities to preserving the Property without attempting to re-start and sell the business; and (3) Grant such further relief as is just.

Respectfully submitted this 25th day of June, 2024.

*/s Alan S. Thompson*

______________________________

Alan S. Thompson (Colo. Bar #20238)
Stephen E. Kapnik (Colo. Bar # 7810)
Lohf Shaiman Jacobs PC
950 S. Cherry St., Suite 300
Denver, Colorado 80246
Telephone (303) 753-9000
Email: athompson@lohfshaiman.com

Attorneys for Defendant Hawaii Brewery
Development Co., Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2024, I caused a true and correct copy of the foregoing to be filed and served via CM/ECF to counsel of record.

*/s Alan S. Thompson*

Alan S. Thompson