**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00149-NYW-STV

**LEONITE FUND I, LP**,

Plaintiff,

v.

**HAWAIIAN SPRINGS, LLC** and **HSW HOLDINGS CORPORATION,**

Defendants,

and

**HAWAII BREWERY DEVELOPMENT CO., INC.,**

**Defendant.**

---

**RECEIVER'S RESPONSE TO HBDC'S MOTION TO MODIFY ORDER APPOINTING RECEIVER TO REQUIRE SUBMISSION OF A PLAN OF REORGANIZATION OR, ALTERNATIVELY, MOTION TO TERMINATE RECEIVERSHIP**

---

Robert L. Stevens, the Receiver, responds to Hawaii Brewery Development Co., Inc.'s ("HBDC" or "Landlord") motion to modify order appointing Receiver or to terminate the receivership ("Motion") as follows:

## INTRODUCTION

Landlord's current Motion is very similar to the motion Landlord filed previously, and lost. The current Motion contains the unequivocally *false* statement that the Receiver previously opposed Landlord's intervention in these proceedings (*see* Motion, p.8) when Landlord knows, and *correctly* stated in its motion to intervene, that the Receiver *agreed*

to the Landlord's intervention. *See* Doc. No. 265, p. 1 ("Receiver agrees with the relief requested in the Motion.") While the false statement is likely inadvertent, all parties should take care with the representations made to this Court.

In addition, after the undersigned reminded counsel for the Landlord that this Court has stayed this case pending the outcome of the lease dispute litigation pending in Hawaii, Landlord's counsel ignored the prior rulings and filed its current Motion without basis and in violation of this Court's stay. Because Landlord has filed the instant motion in violation of this Court's prior ruling, the motion should be summarily denied with any appropriate remedies ordered by this Court.

The current status is straightforward. The Receiver ultimately intends to sell the water business and pay off creditors. However, at present, the Receiver cannot even market, much less sell, the water bottling business until the issue of whether or not HSW's lease with HBDC is valid is determined by the Hawaii State Court.

The Hawaii Court has already denied HBDC's motion for summary judgment and the lease case is set for trial later this year. A copy of the scheduling Order issued by the Hawaii Circuit Court is submitted herewith as Exhibit 1. Trial in Hawaii is set to commence on October 27, 2025. *Id.* Because it makes no sense to cease operations while the lease litigation runs its course, this Court has directed the Receiver to continue to run the water business. The Receiver is doing so and the business continues to generate more and more income, which benefits HBDC, Leonite, and all creditors, not to mention the employees in Hawaii who depend on their work at the water business to support their families.

## ARGUMENT

### A. Pending resolution of the lease dispute in the Hawaii State Court, these proceedings have been substantially stayed.

The premise of Landlord's motion is that it is somehow wrong for the Receiver to operate the water bottling business and earn revenue for the receivership estate while the Court in Hawaii resolves the lease dispute between HBDC and HSW. The Landlord's premise is both silly and wholly unsupported by any legal authority. Indeed, the Receiver is following this Court's Order to operate the water bottling business while the Hawaii litigation continues toward resolution later this year. It is the Landlord, not the Receiver, who is violating this Court's Order by litigating in violation of this Court's stay.

When the Landlord previously came before this Court with the incorrect view that the water bottling business cannot be operated successfully, this Court properly rejected the argument given Leonite's interest in maintaining the business for an ultimate sale. Because any sale of HSW's water business is premature while the lease dispute is pending in Hawaii, this Court ruled as follows:

> THE COURT: … If there is something unreasonable being done by the receiver, then file an objection and I'll take that up. But if the only objection is, you know, we want the receivership ended, **I'm going to keep it in place until we get a ruling from the State Court on this issue**.

*See* Transcript of Proceedings, July 29, 2024, at 10:3-7, attached hereto as Exhibit 2 (emphasis supplied).

At the prior hearing, all parties recognized that until the issue of the validity of HSW's 90+ year lease is resolved by the Hawaii Court, the Receiver should maintain operations but no plan to end the receivership can be instituted because the prospects

for the business are so heavily dependent on the Court's ruling as to the validity of the Lease. This Court, with the agreement of all parties before this Court, including the Landlord, ruled as follows:

> THE COURT: … I'm going to stay the filing of that amended complaint **and stay all further litigation in this case** other than reports from the Receiver which I'll require every 60 days. That report can also include a fee request in there.
>
> **
>
> I will order the parties to contact my Chambers within seven days of an ultimate resolution of the State Court matter so that I can then set it for status conference as to the next steps in this case.

Exhibit 2 at 17:17-20; 19:11-14 (emphasis supplied).

**B. Landlord is not harmed by the receivership.**

As noted previously, and as is still true today, Landlord is *benefitting* from the receivership and will continue to do so. All of the obligations under the Lease are being paid and there is no default. Given this, it is hard to understand why Landlord seeks to terminate the receivership. If the water bottling business is as dire as Landlord suggests (the Receiver submits it is not), then Landlord should welcome Leonite's funding which continues to ensure that all of the lease payments and related payments, including insurance payments, are timely made.

Landlord argues that its lease contains a "below market" rent but offers no support for this position. Landlord made the lease agreement with HSW and if Landlord wanted to charge more, it should not have entered into the Lease it did. At any rate, Landlord is bound by the lease terms it negotiated. Moreover, the Receiver has repeatedly offered to renegotiate the Lease in order to end the Hawaii litigation but has never received any

response to his offers. The Receiver will pay the "additional rent," under the Lease when sales reach the level that require the payment of additional rent. It is not a default under the lease not to pay additional rent when the sales do not require payment of additional rent under the Lease.

Landlord's view that other creditors are harmed by Leonite's funding is misguided because Landlord does not have standing to raise these issues. Moreover, Landlord's view is incorrect. The Receiver meets regularly with all creditors and can report that the creditors are grateful for Leonite's funding as it is only with Leonite's present assistance that any creditor stands a chance of recovery at all.

The suggestion that Leonite has done nothing to collect its debt from HSW is nonsense. The purpose of this Receivership is to provide the means for Leonite and all other creditors to collect their debts which will likely only happen if the HSW business is sold. It is the Receiver's plan to sell the HSW business to the highest bidder after the Lease dispute in Hawaii is resolved. The Receiver and Leonite believe the lease dispute will be resolved in favor of HSW. Leonite is well aware of the risk of loss if Leonite's prediction is mistaken. The Receiver has not made any "secret" deal with Leonite nor would he. It is public record that the Receiver hopes to find a buyer for the business at a price that will allow full or at least partial payments to creditors. The Receiver has made this plan known from the outset. Given the pendency of the litigation in Hawaii, it makes no sense to market the business now. Instead, it makes sense to operate the business while the litigation proceeds, which is what the Receiver is doing.

**C. The Receiver does not favor Leonite.**

Landlord argues without basis that it is somehow improper for the Receiver to obtain funding for the Receivership from Leonite and that the Receiver "favors" Leonite by accepting funding from Leonite. This argument should be rejected. Leonite stands to lose the most in the event the litigation in Hawaii goes Landlord's way. Leonite has negotiated terms that make sense for funding a venture that has risk. Moreover, the Receiver has regular meetings with all of the creditors and all of the creditors know that they can extend additional credit on the same terms as Leonite if they wish to do so. Only Leonite has expressed an interest in funding the business while the litigation in Hawaii proceeds.

There is nothing "collusive," or "undisclosed," about Leonite's request to have Mr. Stevens appointed in another case. Mr. Stevens is an excellent Receiver and it is normal for lenders to establish relationships with competent professionals. Mr. Stevens notes that he has only been appointed once before as a Receiver where Leonite is a creditor in a small matter that resolved quickly, in addition to the current matter.

**D. The purpose of operating the business is to preserve the value of the Receivership estate.**

Landlord is not in the dark about the purpose of operating the water business. The purpose is to generate revenue in order to increase the value of the business for sale as well as to pay ongoing expenses. While it is true that the Receiver has never owned a water business, that does not matter because the Receiver is a competent professional with years of experience acting as a Receiver and the Receiver relies on specific

professionals for areas in which he lacks expertise. The Receiver has done a terrific job restoring the water business's operations and increasing its production and revenue.

**E. The Receiver and Leonite expect the water business to be profitable.**

HBDC argues that the HSW business will not be profitable based on an opinion from a competitor in the water business which in and of itself should give the Court some pause. More importantly, the opinion is based on the mistaken premise that HSW cannot sell directly to retailers when HSW is already selling directly to retailers including Ross Stores and DD's Discounts.

The HBDC opinion letter is as telling for what it does not say as for what it does. The fact that HBDC's own expert admits that the business can be profitable with the right financial backing only goes to highlight the likelihood of a successful sale once the Hawaii litigation concludes, should it conclude in HSW's favor.

HBDC's demand for a more formal plan of reorganization does not make sense in the context of a receivership. HBDC thinks this case should be a bankruptcy proceeding but the reality is that this is a receivership, *not* a bankruptcy. This receivership is operating well and in the same manner as is typical of many receiverships. Here, the fact that the value of the receivership estate will ultimately depend on the outcome of pending state court litigation is obvious. There is nothing that the Receiver should be doing that he is not doing while the litigation in Hawaii proceeds.

**F. Circumstances have not changed.**

The core circumstances have not changed. When the receivership commenced, the Landlord had brought a case in Hawaii to determine whether the lease between

Landlord and HSW could be terminated. HSW was defending the case. While the Hawaii litigation was stayed upon the Receiver's appointment, this Court lifted the stay to allow the litigation to proceed, which is now occurring.

The Receiver is not acting outside the scope of his authority by obtaining financing for operations of the business. Instead, the Receiver is following this Court's order to finance and run the business. An operating business is worth more than a business that has shut down. The Receiver has the same final objective now as he did when he first advised the Court, Landlord and Leonite of his plan at the outset—selling the business to the highest bidder. Meanwhile, because of the Receiver's work, operational revenues continue to increase as production and sales increase under the Receiver's excellent management.

As set forth above, the Receiver disagrees vehemently with the charge that he is favoring Leonite at the expense of other creditors. Nothing could be further from the truth. The other creditors know that without the Receivership, their debts will not be paid. They also know that their debts may not be paid if the Hawaii Court rules in favor of HBDC. The other creditors are not suffering any losses as a result of the receivership and are fully apprised of the status of the business, this case, and the litigation in Hawaii. If any other creditor were truly unhappy with the receivership, there is no doubt but that they would seek to intervene in this action as well in order to raise their concerns. The undersigned reports that she confers with counsel for the largest creditor other than Leonite with some regularity and that creditor is pleased with the receivership and the Receiver's actions to date.

## G. This Court should not Order anything within sixty days.

As noted above, this case is *not* a bankruptcy proceeding. HBDC's request for an order directing the Receiver to produce a plan of reorganization within sixty days does not make sense because the pending litigation in Hawaii needs to be concluded before the Receivership can conclude. This Court recognized this fact at the last hearing and the undersigned submits that while the Landlord itself may wish to challenge this obvious reality, the Landlord's lawyers surely understand this as well.

The Receiver is doing his job and he is doing it well. Under receivership law, the Receiver's duty is to protect and maximize the value of the receivership estate. Toward that end, the Receiver is running the business as well as it has ever been run during its history and the Receiver is protecting the value of the receivership estate by ensuring that the estate's greatest asset, the long-term lease, is protected to the full extent possible in the pending action in Hawaii.

## CONCLUSION

Landlord's current motion violates the stay ordered by this Court. Moreover, the motion should be denied because it lacks merit. The Receiver is running the business well. The Receiver is not favoring Leonite over other creditors. The Receiver's plan to sell the business has never been a secret and was set forth the last time Landlord filed a similar motion. The status of HSW as a going concern depends upon the validity of its long terms lease with HBDC. The validity of the Lease will be determined in the pending litigation in Hawaii which is set for trial later this year.

Landlord's motion to terminate the receivership or for modification of the Order Appoint Receiver should be denied with instructions to the landlord to honor the stay pending in this action pending resolution of the proceedings in Hawaii.

Respectfully submitted this 18th day of March 2025.

ROBINSON WATERS & O'DORISIO, P.C.

By: */s/ Tracy L. Ashmore*
Tracy L. Ashmore, #25944
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
E-mail: tashmore@rwolaw.com
*Attorney for Receiver*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 18, 2025, a true and correct copy of the foregoing **RECEIVER'S RESPONSE TO HBDC'S MOTION TO MODIFY ORDER APPOINTING RECEIVER TO REQUIRE SUBMISSION OF A PLAN OF REORGANIZATION OR, ALTERNATIVELY, MOTION TO TERMINATE RECEIVERSHIP** was filed and served via CM/ECF to all counsel of record.

*s/ Tiffany Arguello*
For Robinson Waters & O'Dorisio, P.C.