**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00149-STV

**LEONITE FUND I, L.P.**,

Plaintiff,

v.

**HAWAIIAN SPRINGS, LLC** and **HSW HOLDINGS CORPORATION,**

Defendants.

And

**HAWAII BREWERY DEVELOPMENT CO., INC.**

Defendant, Counterclaimant, and Cross-claimant.

---

**PLAINTIFF, LEONITE FUND I, L.P.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE DATED OCTOBER 3, 2025, AND REQUEST FOR ADDITIONAL TIME**

---

Plaintiff Leonite Fund I, L.P. ("Leonite"), by and through undersigned counsel, respectfully submits this response to the Court's October 3, 2025 Order to Show Cause, and states as follows:

1. On October 3, 2025, the Honorable Judge Nina Y. Wang entered an Order to Show Cause (the "Order") stating: "[t]his matter is before the Court is *sua sponte*." The Order directed Leonite to show cause, no later than October 8, 2025, "why this case should not be terminated in light of developments in Leonite Fund I, LP v. Hawaii Brewery Development Co, Inc. (Case No. 25-cv-01371-NYW-STV (D.Colo.)[the "Related Case"]."

2. Leonite appreciates the Court's attention to ensuring judicial economy. Leonite also understands the importance of responding to the Court's concerns in a thorough and comprehensive manner.

3. Respectfully, Leonite is not aware of any substantive or procedural "developments" in the Related Case that would materially affect the receivership proceedings in the above-captioned matter.

4. The only recent occurrence in the Related Case was Magistrate Judge Varholak's October 2, 2025 order converting a previously scheduled scheduling conference into a status conference, prompted by Leonite's Interim Status Report filed earlier that day. That report merely updated the Court on its service efforts regarding Marcus I. Bender ("Bender") and on conferral attempts with his counsel and counsel for Hawaii Brewery Development Corporation, Inc. ("HBDC"). *See* Exhibit A for Leonite's Interim Status Report dated October 2, 2025.

5. Accordingly, Leonite has no present knowledge of developments warranting dismissal of this action, but seeks the opportunity to further investigate the issue and respond fully to the Court's concerns.

6. Leonite respectfully requests additional time to prepare a comprehensive response.

7. A proper response requires both (i) review of the "developments" referenced by the Court to ensure none are overlooked, and (ii) the active participation of Leonite's principal, Avi Geller ("Geller"), whose involvement is indispensable to presenting Leonite's position on termination of this action.

8. Mr. Geller's participation, however, is not possible during this period due to his strict observance of the Jewish High Holidays.

9. The Order was issued on Friday, October 3, 2025, at 4:57 p.m. MDT, (6:57 p.m. EDT), when Mr. Geller was observing Shabbat.

10. The Order followed immediately after Yom Kippur, the most sacred day in Judaism, on Thursday, October 2, 2025. To the extent any developments occurred on Yom Kippur, Mr. Geller was engaged in the observance of that sacred holiday.

11. The first business day following the Order, October 6, marked the beginning of Sukkot, a week-long celebration Mr. Geller strictly observes, followed by Shemini Atzeret (October 13-14) and Simchat Torah (October 14-15).

12. Because these observances encompass the same week the Order was issued and extend into the following weeks, Mr. Geller cannot participate in preparing a meaningful response within the current timeframe. Leonite raises these observances solely to explain why Mr. Geller is unable to participate during this period.

13. Mr. Geller's absence during this period makes it impossible to prepare the comprehensive response the Court's Order requires. Forcing Leonite to proceed without Mr. Geller's input would cause significant prejudice to Leonite by undermining its ability to provide the Court with a full and accurate response.

14. This would not assist the Court in its inquiry, nor would it reflect the well-rounded, good-faith response that Leonite is committed to providing. Granting additional time will allow Leonite to present its position in a manner that is both thorough and respectful of the Court's directive.

15. Undersigned counsel conferred with Tracy L. Ashmore, counsel for the Receiver Robert L. Stevens, and with Alan S. Thompson, counsel for HBDC, regarding Leonite's request for additional time. Mr. Thompson indicated no objection "to an

enlargement of up to 7 days." Ms. Ashmore stated that "the Receiver agrees to and fully supports that request."

**WHEREFORE,** for the reasons set forth above, Leonite respectfully requests that the Court:

(1) grant Leonite a reasonable extension of time to prepare and file a comprehensive response to the Order to Show Cause; and

(2) schedule a hearing and oral argument on the Order to Show Cause, Leonite's Response, and any related submissions concerning whether the above-captioned matter should be terminated.

DATED: October 8, 2025.

**GRIFFIN PARTNERS LLP**
By: *<u>/s/ Oliver D. Griffin</u>*
Oliver D. Griffin
Colorado No. 52262
Griffin Partners LLP
123 S. Broad Street, Suite 1850
Philadelphia, PA 19109
Phone Number: (267) 313-0766
FAX Number: (267) 427-8139
Email: oliver@griffinpartners.us

## CERTIFICATE OF SERVICE

I certify that on October 8, 2025, I electronically filed the foregoing Response to the Court's Order to Show Case dated October 3, 2025. I further certify the response is available for viewing and downloading from the Court's CM/ECF system, and the participants in this case that are registered CM/ECF users will be served electronically via the CMD/ECF system.

**GRIFFIN PARTNERS LLP**
By: *<u>/s/ Oliver D. Griffin</u>*