**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:24-cv-00149-NYW-STV

LEONITE FUND I, LP,

Plaintiff,

v.

HAWAIIAN SPRINGS, LLC and HSWLLC HOLDINGS CORPORATION,

Defendants,

and

HAWAII BREWERY DEVELOPMENT CO., INC.,

Defendant, Counterclaimant, and Cross-claimant.

---

**RESPONSE AND SUPPLEMENT TO**

**RECEIVER'S OCTOBER 2025 STATUS REPORT**
**REGARDING HAWAII LITIGATION,**

**FILED BY HAWAII BREWERY DEVELOPMENT CO., INC.**

---

Defendant Hawaii Brewery Development Co., Inc. ["HBDC"] responds to, and supplements, the "Receiver's October 2025 Status Report Regarding Hawaii Litigation" [Doc #144, the "Receiver's Hawaii Litigation Status Report"] herein. In addition to the information contained in the Receiver's Hawaii Litigation Status Report, HBDC also informs the Court, as follows:

1. As HBDC repeatedly stated to the court in *Hawaii Brewery Development Co, Inc. v. Hawaiian Springs LLC* ("HSW") *et al.*, Circuit Court of the Third Circuit, Hawaii, Case No., 3CCV-23-0000410 (the "Hawaii Ejectment Case") in response to the Receiver's Motion therein, to Dismiss for Failure to Prosecute, that HBDC could not locate counsel who

would enter an appearance and represent it in the short time (67 days) between its previous counsel's withdrawal in that case and the October 27, 2025, relatively complex trial of its ejectment claims. HBDC requested a continuance of the trial (which had not previously been continued) so that replacement counsel would have a reasonable time to learn the case, conduct discovery (including performance of HBDC's discovery obligations), and prepare for trial. HBDC also asked that pre-trial deadlines including discovery deadlines be reopened and extended to both sides so both could continue preparing for trial during the continuance. (See *Declaration of Marcus Bender, President, Hawaii Brewery Development Co., Inc.*, filed in the Hawaii Ejectment Case, attached hereto as **Exhibit 1,** at ¶ 9**.)**

2. While the Receiver has made all monetary payments due under the lease, HBDC maintains that HSW and the Receiver remain in default under the lease for their failure to perform non-monetary obligations, including, but not limited to, failure to repair and maintain the real property, failure to procure insurance, as required by the lease, and refusal to provide HBDC access to water from the well on the property, as is its right under the Lease. (See Exhibit 1, at ¶¶ 6, 7, 10, and 11.)

3. Now that trial in the Hawaii Ejectment Case trial has been vacated, HBDC has secured Hawaii counsel to appeal dismissal of the Hawaii Case. (See Email of Bosko Petricevic, Esq., attached hereto as **Exhibit 2**.)

WHEREFORE, Defendant Hawaii Brewery Development Co., Inc. submits this Response and Supplement to the Receiver's October 2025 Status Report Regarding Hawaii Litigation.

Respectfully submitted this 29th day of October, 2025.

*/s Alan S. Thompson*

______________________________

Alan S. Thompson (Colo. Bar #20238)
Lohf Shaiman Jacobs PC
950 S. Cherry Street, Suite 300
Denver, Colorado 80246
Telephone (303) 753-9000
Email: athompson@lohfshaiman.com

Attorneys for Hawaii Brewery Development Co., Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 29, 2025, I caused a true and correct copy of the foregoing RESPONSE AND SUPPLEMENT TO RECEIVER'S OCTOBER 2025 STATUS REPORT REGARDING HAWAII LITIGATION, FILED BY HAWAII BREWERY DEVELOPMENT CO., INC.to be filed and served via CM/ECF to counsel of record.

*/s Alan S. Thompson*

______________________

Alan S. Thompson